# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK A. PENDERGRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-18-793-D |
| | ) | |
| BOARD OF REGENTS OF | ) | |
| OKLAHOMA COLLEGES, | ) | |
| DAVID MISAK, in his individual | ) | |
| capacity; and TODD THURMAN, | ) | |
| in his individual capacity. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss [Doc. No. 22]. Plaintiff, appearing *pro se*, has responded [Doc. No. 31] and Defendants have replied [Doc. No. 32]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff applied for a position as an assistant softball coach at Southwestern Oklahoma State University ("SWOSU"). On August 8, 2016, Plaintiff was informed by SWOSU Head Softball Coach, Kim Maher, that Todd Thurman, Athletic Director, had approved hiring him for the position. During that conversation Plaintiff was formally offered an employment contract and Plaintiff accepted.

The SWOSU Human Resource Department contacted Plaintiff to schedule an appointment for him to sign his employment contract. On August 9, 2016, Plaintiff signed the employment contract but was not provided a copy.

The employment contract provided that Plaintiff would be paid an annual salary of $5600.00 to be paid in two payments of $2,800.00 and that as a Graduate Assistant Plaintiff would be eligible for a tuition waiver each semester. August 15, 2016, was Plaintiff's first day on the job.

On August 19, 2016, Plaintiff was informed by Mr. Thurman that SWOSU donors wanted to hire a female assistant softball coach. Plaintiff was asked to sign a new employment contract to allow SWOSU to hire the female assistant coach and was informed that his compensation package would be transferred to her. Plaintiff was told he should work for SWOSU for free and when a position in the baseball program became available he would be informed first. Plaintiff refused and was informed that if he did not agree to the new employment contract, he would be fired.

Plaintiff immediately went to discuss the matter with David Misak, Director of the SWOSU Human Resource Department. Mr. Misak informed Plaintiff that the university would be more comfortable with a female assistant softball coach and that unless a future position opened up in the baseball program, Plaintiff's employment was terminated. Plaintiff informed Mr. Misak that the staff handbook stated that he was entitled to a hearing, requested to speak with the EEOC Director, and requested documentation of his termination.

Plaintiff did not receive a hearing and was not provided with EEOC compliance information or documentation related to his termination. Subsequent to his termination, SWOSU employed the female assistant coach at a salary twice the amount Plaintiff was to be paid.

On October 26, 2018, Plaintiff filed his Amended Complaint against the Board of Regents of Oklahoma Colleges ("BROC"), David Misak, in his individual and official capacity, and Todd Thurman, in his individual and official capacity. The Amended Complaint asserts the following claims against all Defendants in their individual and official capacities: (Count I) violation of the Equal Pay Act of 1963; (Count II) discrimination based on sex in violation of Title VII; (Count III) tortious interference with business relations; (Count IV) breach of contract; (Count V) tortious interference with prospective economic advantage; and, (Count VI) conspiracy to wrongfully and unlawfully terminate Plaintiff.

Defendants move to dismiss Count I (against the individual Defendants), and Counts II, III, V, and VI of the Amended Complaint.[1]

## STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id*. In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. When reviewing a factual attack on subject matter

---

[1] Defendants also stated an intention to move to dismiss Count IV, breach of contract, but provided no argument in support thereof. Motion at 3. Therefore, the Court declines to address the Motion on this point.

3

jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id*. Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (Stating that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.") (internal quotation omitted). Therefore, *Iqbal* and *Twombly* provide "no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

The Tenth Circuit has held that the *Iqbal/Twombly* pleading standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik*, 671 F.3d at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "Specific facts are not necessary," the pleader's allegations need only provide the "defendant fair notice of that the … claim is and the grounds upon which it rests." *Id*. at 1192 (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (internal quotations omitted). "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192. Further, "the 12 (b)(6) standard does not require that [a p]laintiff establish a prima facie case." *Id*. at 1191. However, "the elements of each alleged cause of action help to determine whether [the p]laintiff has set forth a plausible claim." *Id*. In ruling on a motion to dismiss a judge must accept all well pled allegations as true, and "may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins*, 519 F.3d at 1247.

## DISCUSSION

In this case, Defendants make a factual challenge under Rule 12(b)(1) because they attack the facts upon which Plaintiff asserts subject matter jurisdiction, and in support thereof submit evidence outside the pleadings. Defendants also move for dismissal under Rule 12(b)(6) asserting Plaintiff has failed to: (1) state any claim for which relief can be granted against individual Defendants in their official capacities; (2) state a claim for which relief can be granted against individual Defendants for violation of the Equal Pay Act; (3)

5

exhaust administrative remedies prior to bringing his Title VII suit; (4) state a claim for which relief can be granted as to conspiracy; and, (5) comply with Oklahoma's Governmental Tort Claims Act ("GTCA"). Defendants also contend that: (1) BROC cannot be held liable for intentional torts of its employees under the GTCA; and, (2) all actions taken by Misak and Thurman were in the course and scope of their employment and therefore Plaintiff has no claims against individual Defendants in their individual capacity.

I. **Counts I and II Against Individual Defendants**

Plaintiff concedes that his Equal Pay Act and Title VII claims (Counts I and II) can only be brought against Defendant BROC. Response at 14, 15. Accordingly, Defendants' Counts I and II with regard to Defendants Misak and Thurman are dismissed with prejudice.

II. **Title VII Gender Discrimination Claim (Count II) Against Defendant BROC**

Defendants assert that Plaintiff's claims for violation of Title VII, 42 U.S.C. § 2000e, should be dismissed for lack of jurisdiction or for failure to state a claim as Plaintiff has failed to allege he has exhausted all necessary administrative remedies. Motion at 7. Specifically, Defendants point to Plaintiff's failure to allege he filed a charge with the EEOC as required by the filing provisions of Title VII, 42 U.S.C.A. § 2000e-5(e)(1). In response, Plaintiff concedes that he failed to allege he filed a charge with the EEOC but states that this was due to Defendants' failure to provide necessary information. Response at 15 – 16. Instead, Plaintiff states he alleged an "attempt" to file a charge and asserts this is sufficient. Response at 15.

6

### A. Subject Matter Jurisdiction

Prior to the Tenth Circuit's decision in *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018), failure to exhaust administrative remedies was a jurisdictional prerequisite to filing suit. In *Lincoln*, the Tenth Circuit reversed long-standing precedent by holding that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Id*. Therefore, Defendant's Motion on this issue is denied.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

"Although failure to exhaust is an affirmative defense, it may be raised in a motion to dismiss asserting a failure to state a claim when the grounds for this defense appear on the face of the complaint." *Burnett v. Oklahoma Dep't of Corr.*, 737 Fed. Appx. 368, 371 (10th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 214-15, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)); *see also*, *Cirocco v. McMahon*, 18-1096, 2019 WL 1594778, at *3 (10th Cir. Apr. 15, 2019). The filing provisions of Title VII, 42 U.S.C.A. § 2000e-5(e)(1), specify that "in case of an unlawful employment practice" a charge of discrimination shall be filed with the EEOC. "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C.A. § 2000e-5(b). Therefore, in order to state a claim for which relief can be granted, Plaintiff must allege on the face of his Amended Complaint that he filed a charge of discrimination with the EEOC regarding the alleged gender discrimination for which he seeks relief. *See*

*Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

On its face, the Amended Complaint omits any mention of filing a charge with the EEOC. Instead, the Amended Complaint alleges only that Plaintiff was never "provided with EEOC compliance information." Amended Complaint at 9. In his Response, "Plaintiff denies he failed to *attempt* to allege his charge of discrimination" to the EEOC, but concedes he did not file a charge of discrimination with the EEOC. Response at 15 (emphasis added). Plaintiff asserts that he could not "pursue said charge of discrimination" because Defendant Misak failed to provide him the necessary information to do so. Response at 15-16.

However, obtaining information from Defendants prior to filing a charge of discrimination is unnecessary. "A charge need only 'describe generally' the alleged discrimination." *Jones v. Needham*, 856 F.3d 1284, 1291 (10th Cir. 2017) (quoting 29 C.F.R. § 1601.12(b)); *see also*, *Hall v. Oklahoma Dep't of Rehab. Servs.*, CIV-17-497-D, 2018 WL 991543, at *5 (W.D. Okla. Feb. 20, 2018) ("A party asserting a claim of discrimination must make a charge that, at minimum, identifies the parties and generally describes the alleged unlawful action or practice.") (citing *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014)). The EEOC "has set up a system by which a person will submit information to the agency, typically in the form of an intake questionnaire, and then the EEOC will render assistance in the filing of the charge." *Jones*, 856 F.3d at 1289–90 (citing 29 C.F.R. § 1601.6(a)). Based on the facts included in the Amended Complaint, Plaintiff had sufficient information to "'describe generally' the

alleged discrimination" in a charge of discrimination with the EEOC. *Jones*, 856 F.3d at 1291.

On its face, the Amended Complaint fails to state a claim for which relief can be granted regarding his Title VII claims and Plaintiff affirmatively concedes he has failed to comply with Title VII filing prerequisites. Therefore, Plaintiff's second cause of action for Title VII gender discrimination must be dismissed with prejudice as to all Defendants for failure to state a claim upon which relief can be granted.

### III.     Counts III, V, and VI

Defendants argue that Plaintiff has failed to comply and/or alleged that he has complied with the statutory filing prerequisites set forth in the Oklahoma Governmental Tort Claims Act ("GTCA") and, therefore, Plaintiff's state tort claims must be dismissed as to Defendants BROC and Misak and Thurman in their official capacities. Motion at 8.

"It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." *AKC ex rel. Carroll v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240, 1243 (W.D. Okla. 2014) (citing *Tuffy's, Inc. v. City of Okla. City,* 212 P.3d 1158, 1163 (Okla.2009); Okla. Stat. tit. 51 § 153; *see also, Powell v. Miller*, CIV-2010-01294-D, 2015 WL 1461367, at *4 (W.D. Okla. Mar. 30, 2015). "Governmental immunity of the state and its political subdivisions is waived 'only to the extent and in the manner provided in' the Act." *Powell*, 2015 WL 1461367, at *4 (quoting *Salazar v. City of Oklahoma City,* 976 P.2d 1056, 1066 (1999) (quoting OKLA. STAT. tit. 51 § 152.1(B))). "Subject only to the

Act's specific limitations and exceptions, the GTCA extends governmental accountability to all torts for which a private person or entity would be liable." *Id.*

Pursuant to the GTCA, "[a] claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs" and the claim "shall be in writing and filed with the Office of the Risk Management Administrator of the Office of Management and Enterprise Services." 51 Okla. Stat. tit. § 156(b) and (c); *see Pelligrino v. State ex rel. Cameron Univ. ex rel. Bd. of Regents*, 2003 OK 2, ¶ 6, 63 P.3d 535, 537. Failure to satisfy these prerequisites to suit under the GTCA "are jurisdictional matters, as mandated by Oklahoma substantive law." *Dorrough v. Geo Grp., Inc.*, CIV-14-1389-D, 2016 WL 3829142, at *8 (W.D. Okla. July 12, 2016) (citing *See, e.g., Hall v. GEO Group, Inc.*, 324 P.3d 399, 400-01, 404 (Okla. 2014) ("Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleadings.").

In this case, Plaintiff has failed to establish compliance with the specific jurisdictional notice requirements of the GTCA. *See Ford v. GEO Grp. Inc.*, CIV-15-1007-R, 2017 WL 3951606, at *2 (W.D. Okla. Sept. 8, 2017) ("Whereas subject matter jurisdiction is a Constitutional requirement, the GTCA imposes an additional statutory requirement lacking in this case: notice."). The Amended Complaint alleges compliance with the GTCA by stating that Plaintiff "notified Defendants in writing on August 18, 2017, of Plaintiff's complaint against the Defendants." Amended Complaint at ¶ 40. However, Defendant presents the Affidavit of Gene B. Lidyard, Director for the Risk Management

Department, attesting that no notice of a tort claim "in any form or from any source" had been received. Affidavit of Gene B. Lidyard [Doc. No. 30][2] at 1.

Plaintiff initiated a lawsuit in state court on the basis of the claims alleged in his Amended Complaint on August 18, 2017. *See*, *Pendergraft v. Board of Regens of Oklahoma Colleges*, CJ-2017-4710, District Court of Oklahoma County, Docket Sheet [Doc. No. 31-2] at 1. Although Plaintiff states in his Response that he provided written notice prior to and on the same date of filing his state court lawsuit, the Amended Complaint does not allege any facts to indicate notice separate from the filing of the state court action, nor does Plaintiff offer any evidence to counter the Affidavit submitted by Defendants. Response at 16.

Even if Plaintiff had submitted a separate and prior written notice on the same day as filing his state court action, such notice would not be compliant with the GTCA. "A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part." Okla. Stat. tit. 51 § 157(A). The statute provides a 90-day time frame for any determination on the claim. *Id*. Therefore, submission of the required written claim on the same date as filing the state court claim would be insufficient to satisfy the GTCA jurisdictional prerequisite.

Plaintiff also asserts that the Oklahoma Attorney General's Office, Executive Director of Regional University Systems of Oklahoma and Chief Legal Counsel for the Regional University Systems of Oklahoma "stipulated to proper notice of said claim," but

---

[2] The Affidavit was filed as a supplement to Defendants' Motion pursuant to the Court's Order [Doc. No. 29].

neither provides nor cites to any evidence thereof. Response at 17. "Proper notice" is specified in the GTCA as submission of a claim in writing to the Office of Risk Management, of which Plaintiff presents no evidence.

Because the Court finds that Plaintiff has failed to comply with the jurisdictional prerequisites of the GTCA, Plaintiff's state tort claims (Counts III, V, and VI) against BROC and the individual Defendants in their official capacity must be dismissed with prejudice to refiling.[3]

## IV. State Tort Claims Against Misak and Thurman in Their Individual Capacity

Defendants seek dismissal of Plaitniff's state tort claims against Misak and Thurman in their individual capacity because the Amended Complaint "specifically states" that Defendants Misak and Thurman's conduct was "taken in the course and scope of their employment for which they are entitled to immunity" pursuant to the GTCA. Motion at 10. Defendants are correct that Plaintiff alleged Misak and Thruman acted within the scope of their employment. *See* Amended Complaint at ¶ 11. However, for his state tort claims, Plaintiff has alleged that Misak and Thurman acted "in bad faith" and "with malice" such that they were acting "outside the scope of their employment," i.e., in their individual capacities. Amended Complaint at ¶¶ 11, 36, 37, 41, 51. Such alternative pleading is expressly permitted by the Federal Rules of Civil Procedure and "the pleading is sufficient if any one of the alternative statements is sufficient." *Burris v. Oklahoma, ex rel.,*

---

[3] Because the Court determines Plaintiff failed to comply with the notice requirement of the GTCA and dismisses the state tort claims on that basis, it need not address Defendants' argument that BROC cannot be liable for intentional torts.

*Oklahoma Dep't of Corr.*, CIV-13-867-D, 2014 WL 442154, at *7 (W.D. Okla. Feb. 4, 2014) (internal quotation citation omitted); Fed. R. Civ. P. 8(d).

Pursuant to the GTCA, individual state employees "acting within the scope of employment . . . shall be immune from liability for torts." Okla. Stat. tit. 51 § 152.1. "The GTCA defines 'scope of employment' as the 'performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority.'" *Maher v. Oklahoma*, 165 F. Supp. 3d 1089, 1098 (W.D. Okla. 2016) (quoting Okla. Stat. tit. 51, § 152(12)). "Under the GTCA, 'any malicious or bad faith act by an employee falls outside the scope of employment.'" *Tilghman v. Kirby,* No. CIV–13–73–D, 2013 WL 6092529, at *3 (W.D.Okla. Nov. 19, 2013) (unpublished order) (quoting *Harmon v. Cradduck,* 286 P.3d 643, 650 n. 20 (Okla. 2012)); See *also, Erikson v. Oklahoma*, CIV-16-657-R, 2017 WL 3319317, at *2 (W.D. Okla. Jan. 4, 2017), *aff'd, Erikson v. Oklahoma*, 690 Fed. Appx. 620 (10th Cir. 2017), cert. denied, *Erikson v. Oklahoma*, 138 S. Ct. 407, 199 L. Ed. 2d 282 (2017) (stating that "[t]he Oklahoma Supreme Court has defined 'scope of employment' to specifically exclude actions taken in bad faith: when the tort cause of action sued upon requires proof of an element that necessar[ily] excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA–based suit") (internal quotations and citations omitted).

In support of his tort claims against Misak and Thurman, in their individual capacity, Plaintiff alleges that Misak and Thurman "acted in bad faith and contrary to the interest of The Board," "acted with malice and bad faith," and acted "wrongfully and

unlawfully." Amended Complaint at ¶¶ 36, 37, 41, 50, 53, 54. "Generally, the determination of whether an employee was acting within the scope of employment is a question of fact 'except in cases where only one reasonable conclusion can be drawn from the facts.'" *Tilghman*, 2013 WL 6092529, at 3 (quoting *Bryson v. Oklahoma County,* 261 P.3d 627, 632 (Okla.Civ.App.2011) (internal quotation omitted)). "Accordingly, while this issue may be adjudicated upon consideration of a summary judgment motion, it cannot properly be determined in a motion to dismiss." *Burris*, 2014 WL 442154, at *7 (quoting *Tilghman,* 2013 WL 6092529, at *3).

Defendants' Motion to dismiss Plaintiff's state tort claims (Counts III, V, and VI) against Defendants Misak and Thurman in their individual capacities must be denied.[4]

## V. Conspiracy Claim (Count VI)

Defendants contend that Plaintiff has failed to state a claim for conspiracy against Misak and Thurman under either federal or Oklahoma law. In response, Plaintiff asserts that Misak and Thurman "met together, hatched a plan, and conspired together to deprive Plaintiff of his constitutional, statutory and common law rights." Response at 19-20.

---

[4] In their Reply, Defendants argue for the first time that Misak and Thurman "cannot be liable for tortious interference with contract or prospective business advantage because in allegedly terminating Plaintiff, they were acting in a representative capacity" for BROC. Reply at 3. The Court will not consider this argument as it was not presented in the opening brief. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (stating that "[a]n issue or argument insufficiently raised in a party's opening brief is deemed waived") (internal citation omitted); *Goad v. Town of Meeker*, 654 Fed. Appx. 916, 920 (10th Cir. 2016) ("even for claims raised in the district court, a party waives a claim if he does not raise it in his opening brief—even if he later raises it in his reply brief."); *see also*, LCvR 7.1(i) (noting "[r]eply briefs are optional and not encouraged" and that "[s]upplemental briefs may be filed only upon motion and leave of court").

In order to state a claim of a conspiracy under 42 U.S.C. § 1983, a "plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.* (quotation omitted). Under Oklahoma law, "[a] civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). "The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 175 (Okla. 2008) (internal quotation omitted).

The allegations of the Amended complaint provide no specific facts from which to infer that Misak and Thurman formed an agreement or what that agreement entailed. The Amended Complaint recites facts, read most favorably to Plaintiff, indicating: (1) Thurman terminated Plaintiff in order to hire a female assistant coach; (2) immediately thereafter Plaintiff informed Misak about Thurman's termination of his employment; and, (3) Misak made statements supportive of the termination. Amended Complaint at ¶¶ 25, 26. Support of the termination after-the-fact is not a fact indicating an agreement or concerted action before the termination.

In stating his conspiracy claim, Plaintiff makes only conclusory allegations that Misak and Thurman "worked in concert to wrongfully and unlawfully terminate Plaintiff in pursuit of an independently unlawful purpose" in order "to intentionally cause Plaintiff

humiliation and harm." *Id.* at ¶¶ 53-55. Therefore, the Court finds that Plaintiff has failed to plead sufficient facts to indicate that Misak and Thurman had an agreement or "meeting of the minds" as to his termination or any other unlawful, overt act. Accordingly, Plaintiff's claim of conspiracy against Misak and Thurman in their individual capacities must be dismissed without prejudice.[5]

## CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss [Doc. No. 22] is **GRANTED** in part and **DENIED** in part. Counts I and II against all Defendants are dismissed with prejudice. Counts III, V, and VI against Defendant Board of Regents of Oklahoma Colleges and Defendants Misak and Thurman in their official capacities are dismissed with prejudice.[6] Count VI against Defendants Misak and Thurman in their individual capacities is dismissed without prejudice to refiling.

Plaintiff's remaining claims are: (1) Count I, violation of Equal Pay Act, 28 U.S.C. § 206(d) against Defendant Board of Regents of Oklahoma Colleges; (2) Count III, tortious interference with business relations against Defendants Misak and Thurman in

---

[5] The Amended Complaint asserts Count VI, Conspiracy, only against Defendants Misak and Thurman. Amended Complaint at ¶¶ 53, 54, and 55.

[6] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (leave to amend should be freely granted, but amendment may be denied when it would be futile). It is apparent from the material before the Court that Plaintiff could not effectively amend Counts I, II, III, V, and VI to cure the deficiencies cited herein. Therefore, amendment is futile and dismissal with prejudice is appropriate.

their individual capacities; (3) Count IV, breach of contract against all Defendants; and (4) Count V, tortious interference with prospective economic advantage against Defendants Misak and Thurman in their individual capacities.

**IT IS THEREFORE ORDERED** that Plaintiff is granted twenty (20) days from the date of this order within which to amend Count VI of his Amended Complaint [Doc. No. 17] to address the deficiencies stated herein.[7]

**IT IS SO ORDERED** this 13th day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[7] The Court notes that Plaintiff did not seek leave to amend. However, "[w]here a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013); *see Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (requiring a written motion for leave to amend).