# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK A. PENDERGRAFT, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| BOARD OF REGENTS OF OKLAHOMA COLLEGES, DAVID MISAK, in his individual Capacity, and TODD THURMAN, in his individual capacity. | ) ) ) ) ) ) ) | Case No. CV-18-0793-D |
| *Defendants*. | ) | |

## ORDER

Defendants David Misak and Todd Thurman bring before the Court a Partial Motion to Dismiss [Doc. No. 38] seeking the dismissal of Count VI of Plaintiff's Fourth Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, appearing *pro se*, has filed a Response in Opposition [Doc. No. 39]. The matter is now at issue.[1]

## BACKGROUND

The facts of the present case are set forth in the Court's previous Order [Doc. No. 33] granting in part and denying in part Defendants' Partial Motion to Dismiss [Doc. No. 22]. They will not be restated here. In that Order, Plaintiff's conspiracy claim (Count VI) was dismissed with prejudice as to Defendants Board of Regents of Oklahoma Colleges ("BROC") and Misak and Thurman in their official capacity, and dismissed without prejudice as to Defendants Misak and Thurman in their individual capacities. *See* Order,

---

[1] A reply brief was not filed.

August 13, 2019 [Doc. No. 33]. Plaintiff was granted leave to amend his conspiracy claim to address the factual deficiencies identified in the Order. On September 27, 2019, Plaintiff filed his Fourth Amended Complaint [Doc. No. 37].[2] The Fourth Amended Complaint identifies Count VI as a cause of action for conspiracy under 42 U.S.C. § 1983. Defendants Misak and Thurman renewed their motion to dismiss Plaintiff's conspiracy claim and contend the Fourth Amended Complaint does not cure the deficiencies that existed in the prior amended complaint.

## STANDARD OF DECISION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing plausibility, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, conclusory allegations are not entitled to the

---

[2] Although titled the Fourth Amended Complaint, this document is actually the third amended complaint to be filed in this action. A document titled Third Amended Complaint was attached to Plaintiff's Motion for Leave to Amend Plaintiff's Amended Complaint [Doc. No. 35] but was not separately filed. To avoid confusion, the Court will use Plaintiff's title and refer to the operative pleading as the Fourth Amended Complaint.

assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012); *see also Iqbal*, 556 U.S. at 678–79.

In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Indeed, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by particular defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)) (emphasis added by the court in *Pahls*).

## DISCUSSION

Defendants Misak and Thurman move for dismissal of Count VI of the Fourth Amended Complaint under Rule 12(b)(6), asserting that Plaintiff has failed to state a claim for conspiracy under § 1983. To state a claim for conspiracy under § 1983, a plaintiff must plead facts showing both (1) the existence of a conspiracy and (2) an actual deprivation of a constitutional right. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir.1990); *see also Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). Both elements are required as "pleading and proof of one without the other will be insufficient." *Dixon*, 898 F.2d at 1449.

In pleading the conspiracy element, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). There must be "a meeting of the minds, an

agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich*, 159 F.3d at 533 (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)).

Even liberally construed,[3] Plaintiff's Fourth Amended Complaint remains devoid of facts sufficient to infer a conspiratorial agreement amongst Defendants to deprive Plaintiff of a constitutional right. Like its previous iteration, the Fourth Amended Complaint alleges Thurman terminated Plaintiff in order to hire a female assistant coach and that Misak subsequently made statements supportive of the termination. Fourth Amended Complaint, ¶¶ 25, 26. The only new allegation in the Fourth Amended Complaint is that after terminating Plaintiff, Thurman "advised Plaintiff he had already spoken with Defendant Misak, and that they were in total agreement regarding Plaintiff's wrongful termination." *Id.* at ¶ 25. This "conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. Likewise, Plaintiff's assertions that Misak and Thurman "conspired prior to Plaintiff's termination," "worked in concert together," and "hatched a plan…to deprive Plaintiff of his constitutional, statutory, and common law rights" are simply conclusory allegations that are not entitled to the presumption of truth. Plaintiff has failed to allege the specific facts necessary to

---

[3] The Court recognizes that because he is acting *pro se*, Plaintiff's pleadings are generally held to a less stringent standard than pleadings drafted by lawyers. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). This relaxed standard does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

show that Defendants Misak and Thurman reached a "meeting of the minds" or engaged in concerted action regarding his termination.[4]

Moreover, Plaintiff has failed to identify any constitutional right that was violated as a result of the Defendants' alleged conspiracy. The "essence of a § 1983 claim is the deprivation of the right rather than the conspiracy." *Dixon,* 898 F.2d at 1449. Plaintiff's failure to allege the actual deprivation of a constitutional right is fatal to his claim.

Accordingly, Plaintiff's conspiracy claim as to Misak and Thurman must be dismissed with prejudice. A dismissal with prejudice is appropriate because "allowing [Plaintiff] a third opportunity to re-plead the § 1983 claims—which were devoid of any specific factual allegations that could support a plausible claim of conspiracy—would be futile." *Turnbough v. Wantland*, 676 F. App'x 811, 814 (10th Cir. 2017); *see also Breton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## CONCLUSION

As detailed above, Plaintiff has failed to state a claim for conspiracy under 42 U.S.C. § 1983 against Defendants Misak and Thurman.

---

[4] Plaintiff has attached three exhibits to his response brief which he contends "confirm Plaintiff was an employee of SWOSU." Response at 14. He does not explain how these exhibits provide any support for his § 1983 conspiracy claim.

**IT IS THERFORE ORDERED** that Defendants' Partial Motion to Dismiss [Doc. No. 38] is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 conspiracy claim (Count VI) is dismissed with prejudice.

**IT IS SO ORDERED** this 30th day of December, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge