# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK A. PENDERGRAFT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. CIV-18-793-D |
| BOARD OF REGENTS OF OKLAHOMA COLLEGES, *et al.*, | ) |
| *Defendants*. | ) |

## O R D E R

Before the Court is Plaintiff Mark A. Pendegraft's Motion to Strike Defendants' Answer [Doc. No. 42]. Defendants have filed a Response [Doc. No. 43] in opposition, to which Plaintiff has replied [Doc. No. 44]. The matter is at issue.

## BACKGROUND

The background facts of this case have been detailed elsewhere. *See* Order [Doc. No. 33]. Plaintiff alleges, *inter alia*, violations of the Equal Pay Act of 1963, unlawful discrimination based on sex, and tortious interference with business relations.

## STANDARD OF DECISION

Rule 12(f) grants the Court authority to strike an insufficient defense, or any redundant, immaterial, impertinent or scandalous matter. *See* FED. R. CIV. P. 12(f). Motions to strike, however, request a severe remedy, and are generally disfavored. *See United States v. Hardage*, 116 F.R.D. 460, 462 (W.D. Okla. 1987); *Sender v. Mann*, 423 F. Supp. 2d 1155,

1163 (D. Colo. 2006). A defense should not be stricken "if there is any real doubt about its validity, and the benefit of the doubt should be given to the pleader." *Franco v. Goodwill Shops S., LLC*, No. CIV-17-897-D, 2017 WL 6459807, at *2 (W.D. Okla. Dec. 18, 2017).

This rule acknowledges that "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses," and "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Bobbitt*, 532 F.Supp. at 736.

Therefore, motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some sort of significant prejudice to one or more of the parties to the action." *Wilson v. Lady Di Food Groups Holding*, LLC, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2004)); *see also Holt v. Roy Blackwell Enter., Inc.*, No. CIV-15-326-D, 2016 WL 319894, at *2 (W.D. Okla. Jan. 26, 2016).

An "abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supp. Health Care Staffing Specs.*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009).

## DISCUSSION

Plaintiff moves the Court to "completely strike Defendants' Answer." Motion at 1. Plaintiff argues that "it is inequitable to hold him to a higher pleading standard than [Defendants]." *Id*. at 3. He claims that Defendants have failed to support their affirmative defenses with specific facts and, as such, have failed to give him "fair notice." *Id*. at 5. Plaintiff details his objections against each of the defenses asserted, ultimately moving the Court to strike the pleading in its entirety. *Id*. at 6–9. He argues that had Defendants properly answered his Complaint, they would have provided the evidence needed to "streamline and prove [Plaintiff's] case without having to spend tens of thousands of dollars during the [d]iscovery process." Reply at 4.

Defendants counter that the heightened *Twombly/Iqbal* pleading standard does not apply with equal force to affirmative defenses. Response at 3. Defendants contend they have answered to the best of their ability and that "there are months of discovery ahead in which to hash out any and all of Plaintiff's claims." *Id*.

The Court finds Plaintiff has failed to justify the relief sought, as the challenged defenses "do not present clearly irrelevant matters that may properly be stricken under Rule 12(f)." *See Wilson,* 2017 WL 1458783, at *1 (DeGiusti, J.) (refusing to strike affirmative defenses where a plaintiff primarily urged the Court to find the defenses were insufficient under the Rule 8(a) pleading standard announced in *Twombly* and *Iqbal*).

Defendants' pleadings illustrate how each defense is relevant to the matters at issue, and Defendants in their Response carefully delineate how each assertion is proper under the law. *See* Response at 4–6.

The undersigned, on several occasions, has noted the distinction between Rule 8(c) and Rule 8(a)(2)'s pleading standards, and held that the heightened pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not apply with the same force to affirmative defenses. *See Nootbaar v. Alderwoods (Okla.), Inc.,* No. CIV-19-110-D, 2019 WL 3558182, at *2 (W.D. Okla. Aug. 5, 2019) (DeGiusti, J.); *Wilson*, 2017 WL 1458783, at *1; *Holt v. Roy Blackwell Enter., Inc.,* Case No. CIV-14326-D, 2016 WL 319894, 3 n.3. (W.D. Okla. Jan. 26, 2016) (DeGiusti, J.).

"[A] more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson*, 2009 WL 10671291, at *1. Accordingly, "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause come sort of significant prejudice to one or more of the parties to the action" a motion to strike should be denied. *Wilson*, 2017 WL 1458783, at *1.

Plaintiff has failed to show significant prejudice and the allegations in Defendants' pleadings have a logical connection to the subject matter of the controversy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike [Doc. No. 42] is **DENIED**.

**IT IS SO ORDERED** this 30th day of March, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge